# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2146 | **DATE** | 5/31/2002 |
| **CASE TITLE** | Ronald Mount vs. Village of South Elgin, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/9/2002 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss and to strike, pursuant to Federal Rule of Civil Procedure 12, are denied. All discovery must be completed on or before August 30, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 0 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CDY | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD MOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 2146 |
| v. ) | |
| ) | Judge Ruben Castillo |
| VILLAGE OF SOUTH ELGIN, POLICE ) | |
| CHIEF LARRY JONES of the Village of ) | |
| South Elgin and SGT. MICHAEL L. ) | **DOCKETED** |
| FLANINGAM, Police Officer of the Village ) | |
| of South Elgin, ) | JUN 0 3 2002 |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Ronald Mount filed suit against the Village of South Elgin ("Village"), Police Chief Larry Jones and Sergeant Michael L. Flaningam, pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution, after Mount's employment as a police officer with the Village of South Elgin was terminated under a separation agreement. Currently before the Court are Defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendants' motion to strike pursuant to Federal Rule of Civil Procedure 12(f). Defendants further argue that Plaintiff should be barred from amending his dismissed complaint pursuant to Federal Rule of Civil Procedure 15. For the reasons that follow, Defendants' motions to dismiss and to strike portions of the complaint are denied. (R. 6-1.)

## RELEVANT FACTS

On October 11, 1999, Mount, a South Elgin police officer, entered into an employment separation agreement and release with the Village. Mount maintains that he entered into the

separation agreement because Chief Jones alleged, in charges filed before the Board of Fire and Police Commissioners of the Village of South Elgin, that Mount wrongfully fired his weapon in violation of Illinois state law and departmental regulations.

Subsequently, on or about April 12, 2000, Mount asserts that he discovered that criminal charges had been filed against John Bradley, the civilian involved in the shooting incident which led to Mount's separation. Mount contends that the allegations against Bradley in Counts II and III arising out of the shooting incident were inconsistent with the allegations contained in the disciplinary charges filed by Chief Jones involving the same incident. (*See* R. 4-1, Am. Compl. ¶¶ 19-21.) Thus, Mount asserts that Chief Jones and Sergeant Flaningam – the officer allegedly appointed to the shooting reviewing board by Chief Jones to determine whether Mount had wrongfully discharged his weapon – conspired to alter the facts of the shooting incident in order to force Mount to resign. Mount claims that the alleged framing of false charges was retaliatory and motivated by Mount's refusal to enforce the allegedly illegal policies of the Village of South Elgin. (*See id.* at ¶¶ 6-13.) The state dismissed Counts II and III against Bradley. Mount maintains that the dismissal was related to the state's refusal to produce Mount's personnel file, which Mount alleges would have revealed the inconsistencies between the charges filed against Mount and the criminal charges against Bradley, as well as Mount's refusal to enforce the allegedly illegal policies of the Village.

On March 30, 2001, the Court dismissed Mount's original complaint without prejudice for failure to state a valid cause of action. (*See* R. 2, Mar. 30, 2001 Order.) The Court directed the parties to proceed with service of the complaint and to exhaust all settlement possibilities prior to the filing of any amended complaint. (*Id.*) Mount waited almost one full year and finally

filed an amended complaint on March 14, 2002. Defendants currently move to bar amendment of the dismissed complaint under Federal Rule of Civil Procedure 15, to dismiss the complaint under Federal Rule of Civil Procedure Rule 12(b)(6), and to strike portions of Mount's complaint under Federal Rule of Civil Procedure 12(f), which after careful review in accordance with the applicable standards are hereby denied.

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). When considering a motion to dismiss, this Court views all facts alleged in the complaint, as well as any inferences reasonably drawn from those facts, in the light most favorable to Plaintiff. *Id.* We will grant a motion to dismiss only if it appears beyond doubt that Plaintiff can prove no set of facts entitling him to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). To survive a motion to dismiss, "a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *McCormick v. City of Chi.*, 230 F.3d 319, 323-24 (7th Cir. 2000) (quotations and citations omitted).

## ANALYSIS

### I. Release

Defendants base their motion to dismiss primarily on the separation agreement and release entered into between the Village and Mount. The agreement purportedly releases all claims against the Village arising out of Mount's employment with and separation from the Village. Defendants argue that the amended complaint should be dismissed because Mount cannot litigate claims that he has released pursuant to the agreement. Mount, in turn, argues that

the release is invalid because he was fraudulently induced by Defendants into signing the release. Specifically, Mount contends that he was led to believe that the charges before the Board alleged improper firing of a weapon whereas the facts in the charges filed against Bradley – which Mount argues were informed by the Village Police Department – would have justified his use of a weapon. In short, Defendants' motion to dismiss turns mainly on the validity of the release entered into by the Village and Mount.

In order to hold Mount to the release, his consent to the release must have been both "knowing and voluntary." *Pierce v. Atchison, Topeka and Santa Fe Ry. Co.*, 65 F.3d 562, 570 (7th Cir. 1995). The Seventh Circuit applies a "totality of the circumstances" approach in determining whether a plaintiff knowingly and voluntarily executed a release of claims. *Id.* at 570-72. In applying the totality approach, the Court should examine a number of factors, including, but not limited to: (1) the employee's education and business experience; (2) the employee's input in negotiating the terms of the settlement; (3) the clarity of the agreement; (4) the amount of time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee was represented by counsel or consulted with an attorney; (7) whether the consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law; and (8) whether the employee's release was induced by improper conduct on the defendant's part. *Id.* at 571.

Although a few of the *Pierce* factors seem to strongly weigh in favor of holding Mount to the release, the undeveloped record in this case does not lend itself to a thorough examination of the factors. The Court observes that Mount – given his occupation as a police officer – is a

4

person who could probably well understand the nature of the release he was executing. The release itself also appears to be clearly written. In addition, Mount may have been represented by an union attorney. At this early stage in the litigation and with the attending sparse record, the Court, however, cannot complete a thorough assessment of all the *Pierce* factors. In addition, given the legal standards governing motions to dismiss, a dismissal of Mount's claims based on the release would be inappropriate in light of Mount's allegations of improper conduct on the part of Defendants. An analysis of the validity of the release, however, would be appropriate after an adequate record is developed in support of a motion for summary judgment. Therefore, we deny Defendants' motion to dismiss the amended complaint based on the release without prejudice to the renewal of these same arguments via a proper summary judgment motion.[1]

## II. Statute of Limitations

Defendants further argue that Mount's amended complaint should be dismissed because the claims are barred by the two-year statute of limitations applicable to § 1983 claims in Illinois. Mount asserts that the amended complaint is not subject to the statute of limitations because he was not required to file a new action in this Court.

When only a complaint – as opposed to an action – is dismissed, the plaintiff retains the right to amend the complaint once pursuant to Rule 15(a). *Car Carriers, Inc. v. Ford Motor Co.*,

---

[1] Furthermore, we deny Defendants' motion to strike references in the amended complaint to the criminal charges against Bradley. The references to the Bradley charges arise out of the same incident that led to Mount's separation and are relevant to Mount's allegations that the facts in the charges against him were altered. *See, e.g., W. Pub. Co., Inc. v. MindGames, Inc.*, 944 F. Supp. 754, 755 n.1 (E.D. Wis. 1996) (motions to strike are generally disfavored and information will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation) (quotations and citations omitted).

745 F.2d 1101, 1111 (7th Cir. 1984).[2] The amended complaint will not be barred by the statute of limitations if it relates back to the original complaint. *See* Fed. R. Civ. P 15(c). An amended complaint relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id.*

In the instant case, the amended complaint is not barred by the statute of limitations. (R. 4-1.) The original complaint was filed within the applicable two-year limitations period. (*See* R. 1-1.) Furthermore, the amended complaint relates back to the original complaint because it arises out of the same conduct set forth in the original complaint. Thus, as the amended complaint is not barred by the statute of limitations, we deny Defendants' motion to dismiss the amended complaint on the grounds of untimeliness.

---

[2] The Court notes with disapproval that Mount delayed filing his amended complaint for nearly one year. Mount contends that the delay was caused by his counsel's efforts to gather evidence to support Mount's claims. (*See* R. 9-2, Jakala Am. Aff.) As Mount has offered an explanation for the delay, the Court will not bar the filing of the amended complaint, with the hope that Plaintiff's counsel will exercise more diligence in proceeding with this suit. *See* Fed. R. Civ. P. 15(a) ("leave shall be freely given when justice so requires"); *Olech v. Vill. of Willow brook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (whether to grant leave to amend a complaint falls within the sound discretion of the trial court).

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss and to strike, pursuant to Federal Rule of Civil Procedure 12, are denied. (R. 6-1.) The parties should proceed with discovery on an expedited basis in this delayed lawsuit. All discovery should be completed on or before August 30, 2002. A status hearing will be held on July 9, 2002 at 9:45 a.m. to set a firm trial date.

ENTERED:

Judge Ruben Castillo
United States District Court

**Dated: May 31, 2002**